United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWINERTON BUILDERS, a California corporation; and SWINERTON INCORPORATED, a California corporation, | No. C-12-6047 EMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| AMERICAN HOME ASSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; And DOES 1 through 250, inclusive, | **(Docket No. 17)** |
| Defendants. | |
| _____/ | |

## I.   <u>INTRODUCTION</u>

Plaintiffs are building contractors who here bring suit against their insurance companies American Home Assurance Company and National Union Fire Insurance Company. This suit arises out of a dispute about Defendants' obligations in defending Plaintiffs in an underlying action where Plaintiffs are being sued for alleged defects in a residential building for which they were the general contractor. That suit is currently ongoing. In case at bar, Plaintiffs bring claims against the insurers for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief. Currently pending before this Court is Defendants' motion to dismiss, or in the alternative, to stay this action pending arbitration. Defendants argue that Plaintiffs' claims are premature because they are defending Plaintiffs in the underlying action and that action has not yet concluded. This Court held a hearing on the motion on March 14, 2013, at which all parties were represented by counsel.

United States District Court

For the Northern District of California

1

2                                    **II.   DISCUSSION**

3        Plaintiffs claim that Defendants have breached their duties under the contract in two main ways.

4   First, they claim that Defendants have breached the contract and breached their duty of good faith and

5   fair dealing by refusing to provide reasonable authority to settle the underlying action.  The trouble for

6   Plaintiffs, however, is that a "claimant's action against the insurer [for breach of the duty to settle] does

7   not mature, until a judgment in excess of the policy limits has been entered against the insured."

8   *Hamilton v. Maryland Cas. Co.*, 27 Cal. 4th 718, 725 (2002).  Thus, "[w]hen, as here, the insurer is

9   providing a defense but merely refuses to settle, the insured has no immediate remedy.  A cause of

10  action for bad faith refusal to settle arises only after a judgment has been rendered in excess of the

11  policy limits."  *Safeco Ins. Co. v. Superior Court*, 71 Cal. App. 4th 782, 788 (1999).[1]  Plaintiffs have

12  yet to suffer cognizable damages from the alleged breach. Thus, to the degree that Plaintiff's claims are

13  based on Defendant's failure to settle the underlying action, they are not ripe and must be dismissed.

14       Plaintiffs also allege breach of contract based on a dispute over the proper calculation of

15  deductibles in the underlying action.  Though the parties do not dispute that Defendants are providing

16  Plaintiffs a defense in the underlying action,  Defendants have allegedly charged back some of the

17  defense expenses to Plaintiffs.  Plaintiffs contend that the amounts they have been billed thus far for

18  defense expenses exceeds their self-retention limits, as properly calculated under the policies.

19  Defendants contend that this dispute is not yet ripe, as the duty to indemnify does not arise until there

20  is a judgment against Plaintiffs in the underlying action. *See Certain Underwriters at Lloyd's of London*

21  *v. Superior Court*, 24 Cal. 4th 945, 958 (2001).  The dispute over deductibles, however, does not

22  concern Defendants' duty to indemnify Plaintiffs for Plaintiffs' liability to third parties in an amount

23

24       [1]Plaintiff cites to certain cases holding that an insured may have a claim for an insurer's
    refusal to make reasonable efforts to settle even where there has not been an excess judgment. *See*
25  *Howard v. American National Fire Insurance Co.*, 187 Cal. App. 4th 498, 508-10 (2010);
    *Bodenhamer v. Superior Court*, 192 Cal. App. 3d 1472, 1474-75 (Ct. App. 1987).  In those cases,
26  however, the plaintiffs had suffered damages beyond exposure to risk of liability in excess of policy
    limits, such as damage to business reputation.  In this case, Plaintiffs allege that they have suffered
27  such damages only in a conclusory fashion. *See* Compl. ¶ 51 (claiming lost business reputation, but
    providing no specific details).  Such conclusory allegations are insufficient to survive a motion to
28  dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a
    cause of action, supported by mere conclusory statements, do not suffice.").

**United States District Court**
For the Northern District of California

1 which has not yet been determined in the underlying suit. Instead, it concerns the proper allocation of

2 the costs of providing a defense in the underlying suit. As Plaintiffs allege that these expenses have

3 already been incurred by Defendants and billed to Plaintiffs in violation of the insurance contract, this

4 dispute is ripe. Thus, the Court denies Defendant's motion to dismiss on ripeness grounds as to the

5 breach of contract claims based on the dispute over the proper calculation of the deductibles.

6       Defendants additionally argue that the dispute over deductibles is covered by an arbitration

7 agreement in a Letter of Understanding between the Plaintiffs and Defendant National Union executed

8 in August 2009.[2] Derewetzky Decl. Ex. B. Plaintiffs contend that the instant claims are not covered

9 by the Letter of Understanding, and ask the Court to consider certain recently discovered evidence on

10 the question of whether deductible dispute is covered by the arbitration clause. The Court reserves

11 ruling on this issue, and orders the parties to submit supplemental briefing on the significance of the

12 newly discovered evidence to the motion to stay this case pending arbitration.

13

14                                     **III.   CONCLUSION**

15       For the foregoing reasons, and the reasons stated at the hearing, this Court:

16       (1)     **GRANTS** Defendants' motion to dismiss Plaintiffs' breach of contract and breach of

17                implied covenant claims to the degree that they are based on failure to settle the case on

18                grounds of ripeness;

19       (2)     **DENIES** Defendant's motion to dismiss Plaintiff's breach of contract claim based on the

20                dispute about the proper calculation of deductibles; and

21       (3)     **ORDERS** the parties to submit any supplemental briefing on the arbitratability of the

22                dispute about the deductibles as follows:

23          •      Plaintiffs may file a supplemental brief by March 21, 2013;

24          •      Defendants may file a supplemental brief by March 28, 2013.

25 //

26 _____

27      [2]Defendant American Home is not a signatory to the agreement, though the agreement does mention National Union's "subsidiaries and affiliates." It is not clear from the face of the Letter

28 whether American Home is considered an affiliate for the purposes of this agreement, but Plaintiff does not raise this issue.

At that point, this Court will take the applicability of the arbitration clause to Plaintiffs' remaining claim under submission.

IT IS SO ORDERED.

Dated:  March 15, 2013

_____
EDWARD M. CHEN
United States District Judge